COPE, J.
 

 This is an appeal of an order denying specific performance of a purchase option contained within a commercial lease. The lessor, Top Video & Productions USA, Inc., maintained that the lessee was not entitled to exercise the purchase option. The lessor’s main defense below was that it properly had terminated the commercial lease and allowed the lessee Frank Joseph Welde to stay on as a month-to-month holdover tenant. The lessor took the position that because the commercial lease had been terminated, the purchase option was extinguished. After a bench trial, the trial court ruled that the lessor did not properly terminate the lease and that the lease was still in effect.
 

 The lessor’s alternative argument was that the lessee had failed to comply with the terms of the purchase option. The purchase option said, “Lessor hereby grants to Lessee, during the term of this Lease, and provided that the Lessee is not in default of any part of this Lease Agreement, an option to purchase the property for the following prices.... ” The trial court took this language to mean that if the lessee had ever been in default at any time in the past, the lessee could not exercise the option to purchase — even if the lessee had brought all obligations current by the time the lessee exercised the option. We respectfully disagree with the trial court’s interpretation. The language means that the lessee must not be in default on the date that the lessee exercises the option.
 
 See S. Inv. Corp. v. Norton, 57
 
 So.2d 1, 2-3 (Fla.1952).
 

 The evidence showed the lessee had been in default on various occasions because of late rent payments.
 
 *
 
 Because the trial court believed the existence of any default at any time during the term of the lease made the lessee ineligible to exercise the option, the court did not make any determination whether a default existed at the time the lessee exercised the option.
 

 The evidence showed the lessee sent the lessor written notices of his intention to exercise the option on three separate occasions. If on any of these three dates the lessee was not in default, then the lessee was entitled to exercise the option. If the lessee was in default on all three exercise dates, then the lessee was not entitled to
 
 *121
 
 exercise the option. Therefore, we reverse and remand for further proceedings. On remand, if the existing record is sufficiently clear for the trial court to make the factual findings, the court may do so.- If, on the other hand, the record is not sufficiently clear, then the record must be reopened for presentation of further evidence.
 

 Reversed and remanded for proceedings consistent with this opinion.
 

 *
 

 However, in each instance, the rent payment ultimately was made.